347 So.2d 1121 (1977)
Minerva B. FUTCH and Clebert Mouton, Plaintiffs-Relators,
v.
Ida B. COUMES et al., Defendants-Respondents
No. 58963
Supreme Court of Louisiana.
July 1, 1977.
*1122 J. Minos Simon, Ltd., J. Minos Simon, Lafayette, for plaintiffs-relators.
TATE, Justice.
We granted certiorari, 341 So.2d 413 (La.1977), to review the refusal of the district court to consider the application of the plaintiff-relators to proceed in forma pauperis, as well as to determine the validity of the local court rule upon which the district judge based his refusal.
The plaintiffs, domiciled in Lafayette Parish, filed this tort suit to recover for personal injuries. They attached to their petition affidavits of their poverty, furnished by themselves and a third person, in support of their allegation that they were entitled to prosecute the action without prepayment of costs or furnishing bond therefor, as authorized by La.C.Civ.P. arts. 5181-85.
The district judge refused to consider the requested order to permit the litigants to proceed in forma pauperis. It did so, in reliance upon Rule 20 of its local rules.[1]
Insofar as pertinent, Rule 20 requires an applicant who desires to proceed in forma pauperis, together with his attorney and his third person affiant, to appear personally before the clerk of court to execute the affidavits. The rule also provides that the clerk shall then inquire into the litigant's financial status and shall sign an order permitting the litigant to proceed as a pauper, if the clerk is satisfied that the litigant is entitled to do so.[2]
We granted certiorari primarily because we felt that the local court rule might be in conflict with legislative provisions regulating the institution of pauper suits. Courts may not adopt rules "contrary to the rules provided by law." La.C.Civ.P. art. 193. (Italics ours.) [3] *1123 We have concluded that local Rule 20 conflicts with the statutory procedure provided by Article 5183 of the Louisiana Code of Civil Procedure, [4] by which the legislature provided the procedure by which a litigant may exercise the privilege of proceeding in forma pauperis.
The conflict results from the rule's requirement that the litigant and his affiant appear in person at the clerk's office to execute the affidavits statutorily entitling him to exercise the privilege granted by La.C.Civ.P. arts. 5181 et seq. Further, as administered, the rule requires these persons to be subject to interrogation by a deputy clerk (a non-judicial officer) concerning the litigant's lack of means.
The statutory procedure provided by Article 5183 contemplates that a party may secure the privilege upon presenting an ex parte written motion to which are attached affidavits showing that the party is entitled to exercise the privilege. The statutory procedure does not involve a personal appearance at the courthouse. The simple statutory procedure provided is designed to assure efficient and non-technical exercise of the privilege by those entitled to it.
To the contrary, by requiring personal appearance at the courthouse, Rule 20 routinely requires the litigant and his affiant to participate personally at a quasi-judicial "hearing", not authorized by law, at which they are formally interrogated (contrary to statute[5]) by a non-judicial officer. Apparently, the litigant is required to appear in person, no matter how clear is his right to exercise the privilege, and no matter how distant from the courthouse does he reside.
The statutory purpose and procedure is contravened by converting an ex parte written motion and affidavit procedure into an inquisitorial mini-hearing routinely required in all cases. One could well argue that a result of the rule is to inhibit access to the privilege by those entitled by law to exercise it, as well as to those not so entitled.
The statutory protections against abuse of the privilege are as follows:
(1) "When the application and supporting affidavits are presented to the court, it shall inquire into the facts" to satisfy itself of the litigant's entitlement. La.C.Civ.P. art. 5183. The statutory procedure designated is presentation to the court of a written motion and affidavits; no personal appearance by the litigant is required. However, the court may inquire into the facts at the time the motion is presented to him, either of the applicant's attorney or (presumably) through a questionnaire required of the litigant; and, if then not satisfied, the court may deny the privilege sought by the applicant.
(2) The only personal appearance contemplated as required of a litigant to maintain his exercise of the privilege is that provided *1124 by La.C.Civ.P. art. 5184. If the opposing party[6] desires to traverse the facts alleged in the litigant's affidavits, he may provoke a rule to show cause. To require a litigant routinely to appear personally at a mini-hearing at the courthouse, before being permitted to exercise his statutory privilege, is inconsistent with this statutory scheme.
We therefore hold that Rule 20, to the extent noted, is invalid because it is in conflict with the procedures provided by statute to permit persons with lack of sufficient means to proceed in forma pauperis. La.C.Civ.P. arts. 5181-85. Further, insofar (as administered) the rule permits the clerk of court to deny a litigant the privilege to proceed in forma pauperis, it is in conflict with La.Civ.P. art. 283(4), which confers upon the clerk the power to grant (but not to deny) such applications.
Nevertheless, we expressly note that, by so holding, we do not intend to invalidate the local court rule, insofar as by it the district court has merely delegated to the clerk of court any administrative duty with regard to processing applications to proceed without prepayment of costs.
Rule 20's requirement that the application be initially presented to the clerk rather than to a judge, for instance, does not by itself invalidate the rule. Nor is the rule invalidated simply by its requirement that the clerk make the preliminary determination of whether to grant the application, La.C.Civ.P. art. 283(4), on the basis of that official's inquiry into the litigant's financial ability (see footnote 5 above)providing that the inquiry is on the basis of the affidavits, inquiry personally (or by telephone) of the litigant's attorney, or even possibly by examination of a reasonable questionnaire (if required by a court rule), instead of on the basis of mandatory personal appearance for a mini-hearing at the courthouse routinely required of all litigants contrary to the statutes establishing the procedures by which poor litigants are permitted to proceed in forma pauperis.
Rule 20 as presently drafted, however, is invalid for the reasons stated. Therefore, in accordance with their prayer, the plaintiffs-relators are entitled to the order, hereby granted, that the respondent judge consider and act immediately upon their application to proceed in forma pauperis, in accordance with the principles and holding set forth in our opinion.
RESPONDENT JUDGE ORDERED TO CONSIDER AND ACT UPON APPLICATION TO PROCEED IN FORMA PAUPERIS.
MARCUS, J., concurs.
SUMMERS, J., dissents and assigns reasons.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, Justice (dissenting).
Clebert Mouton and Minerva B. Futch are citizens of the State of Louisiana, domiciled in Lafayette Parish in the Fifteenth Judicial District. They filed this suit for damages incurred as a result of an automobile collision in Lafayette Parish on October 31, 1975.
A joint petition asserts their claims were filed with the Clerk's office in Lafayette Parish on October 27, 1976. Affidavits of poverty, attesting that petitioners were without means to pay court costs as they accrued or to give bond or security therefor were attached to the petition.
Rule 20 of the Court Rules of the Fifteenth Judicial District Court relating to proceedings in forma pauperis provides:
"Before any judicial proceedings are permitted to be prosecuted or defended pursuant to Louisiana Code of Civil Procedure, Article 5181, et seq. (Waiver of *1125 Costs for Indigent Party) the applicant, his attorney and the affiant attesting to the applicant's inability to pay the costs of court, shall appear before the Clerk of Court to execute the required affidavits. The Clerk shall inquire as to the financial ability of the litigant and shall obtain litigant's affidavit of financial status. If the Clerk is satisfied that the party is entitled to proceed without the payment of costs, he shall sign an order permitting the party to proceed in forma pauperis."
Without complying with the foregoing rule, petitioners' counsel presented the petition and affidavit directly to the trial judge instead, who refused to consider and act upon plaintiffs' application to proceed with the prosecution of the case as paupers. Counsel then gave notice to the trial judge of plaintiffs' intention to apply for writs of certiorari, mandamus and prohibition and/or review of the judge's refusal to consider and act upon their application to proceed in forma pauperis.
Plaintiffs' application to the Third Circuit was denied. Without expressing an opinion on the validity of Court Rule 20, that court noted that plaintiffs had not been denied the privilege of proceeding in forma pauperis, and they had failed to show irreparable injury. In the opinion of the Court of Appeal, plaintiffs had been instructed by the district judge to follow the procedure prescribed by Court Rule 20, which they refused to do. Plaintiffs, therefore, had not exhausted all remedies available to them in the district court. One member of the three-judge panel was of the opinion that Court Rule 20 was an unauthorized delegation of judicial authority to the Clerk of Court. In his view irreparable injury resulted by requiring the plaintiffs, their attorney and the persons signing the supporting affidavits to appear before the Clerk of Court for interrogation. Certiorari was granted by this Court on plaintiffs' application. 341 So.2d 413 (La.1977).
Plaintiffs' application is accompanied by an affidavit from which it is learned that litigants in Lafayette Parish applying to proceed in forma pauperis are required to appear in person in the Clerk's office accompanied by counsel and the affiants who attest to his lack of means. A deputy clerk, who is not necessarily chief deputy, then interrogates the litigant, requiring answers to a two-page questionnaire. Thereafter the deputy clerk consults the Clerk in his office who either permits or denies the application to proceed in forma pauperis.
It is the position of plaintiffs that Court Rule 20 is contrary to the laws of this State on the same subject, and in that respect the rule is ineffective and cannot be enforced. It was error, therefore, according to plaintiffs' contention, for the trial judge to insist on compliance with that rule.
Rule 20, it is argued, is contrary to the principles announced in Articles 5181 and 5182 of the Code of Civil Procedure, is an unconstitutional delegation of judicial authority and deprives these litigants of due process of law.
Article 5181:
"An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."
Article 5182:
"The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto."
A person who wishes to exercise the privilege granted by Articles 5181 and 5182 shall "apply to the court" for permission to do so, annex his affidavit of poverty and lack of means and the affidavit of a third person who knows his financial condition *1126 and believes he is unable to pay the costs of court. La.Code Civil Pro. art. 5183.[1]
When the application and supporting affidavits are "presented to the court, it shall inquire into the facts", and if satisfied it shall render an order permitting applicant to litigate without paying the costs. Id. art. 5183. The right of the applicant to exercise the privilege of proceeding in forma pauperis may be traversed by "an adverse party." Id. art. 5184.
Article 5183 requires that applicants who wish to proceed in forma pauperis "shall apply to the court." While this language is mandatory and may arguably be read to indicate that the application must be made to the judge, the article is not to be so narrowly construed. As already pointed out, this same article provides that when the application is "presented to the court, it shall inquire into the facts." In this same context Article 283 of the Code of Civil Procedure permits the clerk of a district court to sign orders "to permit a party to institute and prosecute, or to defend, a suit without the payment of costs" under the provisions of Articles 5181 through 5188. The duties and power thereby conferred upon clerks of court by the Legislature fall within permissible constitutional limits. La.Const. art. V, § 28 (1974). Consideration of these articles in pari materia commands the inference that the reference to "the court" in Article 5183 also contemplates presentation of the application to the clerk of court.
Furthermore, the requirement that the court "inquire into the facts" logically recognize the right of the judge to delegate by court rule the fact-finding function of inquiry to the clerk. Basically Rule 20 is an exercise of this authority by the judges of the Fifteenth Judicial District.
Nothing in this record, which is admittedly sketchy, indicates that the procedure employed by the clerk is oppressive or results in irreparable harm or injury to the litigant or counsel.
The record does indicate, however, that the clerk of court does in some instances deny the applicant the right to proceed in forma pauperis. This cannot be approved. Although Rule 20 does not specifically authorize the clerk to deny the right to proceed in forma pauperis, if the rule has been construed to permit the clerk to deny the applicant that right, such a construction would place the rule in conflict with legislative enactments on the subject. The clerk's authority under Article 283 is to "permit" a party to institute and prosecute, or to defend a suit, in forma pauperis. Only the judge may deny that right when he is not "satisfied" that the applicant is entitled to the privilege, or "[a]n adverse party" may by rule to show cause traverse the facts alleged in the affidavits of poverty. The court (the judge) may then rescind its order if it finds the litigant is not entitled to proceed in forma pauperis. La.Code Civil Pro. art. 5184. Because the power to deny is only conferred upon the judge, he may not delegate that authority to the clerk.
When the clerk's inquiry brings him to the conclusion that the applicant is not entitled to proceed, the application, together with the information acquired by the clerk, must be referred to the district judge for further consideration and action.
*1127 Requiring the applicant, his attorney and the affiant attesting to the applicant's inability to pay to appear before the clerk of court to execute the required affidavits is apparently an effort to carry out the legislative policy declared in Article 5182 to make inquiry; and to restrict the privilege of litigating without the payment of costs to litigants who are clearly entitled to it so that fomentation of litigation by an indiscriminate resort thereto may be discouraged. The rule does not offend the constitution or conflict with Article 193 of the Code of Civil Procedure. To the contrary, the rule is in keeping with the authorization in Article 193 to "adopt rules for the conduct of judicial business," to better carry out the legislative policy to restrict the forma pauperis privilege to those clearly entitled to it so that fomentation of litigation may be discouraged, and to conserve the time of the trial judge in carrying out the necessary inquiry.
I would uphold the rule as expressed in this dissent.
NOTES
[1] Rule 20 of the Fifteenth Judicial District Court provides:

"Before any judicial proceedings are permitted to be prosecuted or defended pursuant to Louisiana Code of Civil Procedure, Article 5181, et seq. (Waiver of Costs for Indigent Party), the applicant, his attorney and the affiant attesting to the applicant's inability to pay the costs of court, shall appear before the Clerk of Court to execute the required affidavits. The Clerk shall inquire as to the financial ability of the litigant and shall obtain litigant's affidavit of financial status. If the Clerk is satisfied that the party is entitled to proceed without the payment of costs, he shall sign an order permitting the party to proceed in forma pauperis."
[2] The showings made in the record indicate that the rule is administered by the clerk's office as follows: A deputy clerk, who is not necessarily the chief deputy, interrogates the litigant, requiring answers to a two-page questionnaire. Thereafter, outside of the presence of the litigant and his attorney, the deputy consults the clerk in the latter's personal chambers, who then either permits or denies the application to proceed in forma pauperis.
[3] The definitions section of the code provides, La.C.Civ.P. art. 5251(9):

"`Law' as used in the phrases `unless otherwise provided by law' or `except as otherwise provided by law' means an applicable provision of the constitution, a code, or a statute of Louisiana."
[4] La.C.Civ.P. art. 5183 provides:

"A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
"(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means; and
"(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
"When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter, it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they accrue, or furnishing security therefor."
[5] If the application is presented to the clerk, La.C.Civ.P. art. 283(4), he may before granting it make the same examination as may the judge. Presumably, the chief deputy clerk may also do so, La.C.Civ.P. art. 286; but this latter code article specifically prohibits exercise of the clerk's power by any other deputy clerk: "* * * No deputy clerk of a district court, except the chief deputy clerk, may exercise any of the powers and authority granted the clerk of the court under Articles 282 and 283. * * *
[6] Neither the respondent clerk nor the opposing party has made any appearance in this court to oppose the applicant's proceeding in forma pauperis. From this we infer that the respected clerk of court recognizes that his public office, constitutionally created to serve litigants, is not properly concerned with contesting the privilege of a litigant entitled to proceed in forma pauperis, insofar as the grant or denial of the right means less or more revenues for his office.
[1] La.Code Civil Pro. art. 5183 provides:

"A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
"(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means; and
"(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
"When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter, it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they accrue, or furnishing security therefor."