SAMUEL, Judge.
This matter is before us on our grant of certiorari to review the trial court’s refusal to consider the application of plaintiff-relator to proceed in forma pauperis.
Plaintiff’s suit seeks recovery of damages allegedly resulting from a vehicular collision. He attached to his petition affidavits (his own and that of a third person) of his poverty and inability to pay court costs in advance, or as they accrue, or to furnish security therefor. Based solely on the fact that plaintiff had not complied with Rule XVIII of the Twenty-Third Judicial District Court, the trial judge refused to consider the question of whether plaintiff was entitled to litigate in forma pauperis. The issue before us is whether that court rule is in conflict with legislation regulating the institution of suits in forma pauperis.[1]
Rule. XVIII of the Twenty-Third Judicial District Court reads as follows:
“Before ordering the filing of a suit in forma pauperis the petitioner, his attorney, and two affiants shall appear and satisfy the Court of the litigants’ right to proceed in this manner.”
Pertinent to the issue before us is Code of Civil Procedure Article 5183, which reads:
“A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
“(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of' means; and
“(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
*1053 “When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter, it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they accrue, or furnishing security therefor.”
We note the last paragraph of the above-quoted Article 5183 provides the court “shall” inquire into the facts, and if satisfied the applicant is entitled to proceed in forma pauperis, shall render an order permitting the same. The court is not only permitted, it has the mandatory duty, to inquire into the facts and it can do so to any reasonable degree in any case. Accordingly, with the exception of the requirement of two affiants in addition to the petitioner (Article 5183 requires only the affidavit of the petitioner and one other person), there may be merit in the argument that by an appropriate rule the court validly can impose upon itself the burden of making a full inquiry into every application for permission to proceed in forma pauperis. However, we must and do follow the holding of the Supreme Court in Futch v. Coumes,[2] which disallows requiring routine personal appearances prior to granting permission to proceed in forma pauperis.
Futch was concerned with a court rule which required an appearance by the applicant, his attorney, and the affiant (who attested to the applicant’s poverty) before the Clerk of Court to execute the required affidavits. The rule also authorized the clerk to inquire as to the financial condition of the litigant and, if satisfied the party was entitled to proceed in forma pauperis, to sign an order permitting such procedure. The majority opinion in Futch makes it clear that it was not the requirement that the application be initially presented to the clerk rather than to a judge, nor the fact that the clerk made the preliminary determination to grant the application on the basis of his inquiry, that invalidated the rule. It was on the basis of the following quoted statement (at page 1124) that the Futch court, in effect, held the rule invalid:
“To require a litigant routinely to appear personally at a mini-hearing at the courthouse, before being permitted to exercise his statutory privilege, is inconsistent with this statutory scheme.”
In the case now before us the court rule specifically requires the appearance which, the Futch court concluded, made the rule invalid in that case.
For the reasons assigned, we hold Rule XVIII of the Twenty-Third Judicial District Court is invalid and order the respondent judge to consider and act upon relator’s application to proceed in forma pauperis.

COURT RULE HELD INVALID

. C.C.P. art. 193 permits the adoption of court rules “which are not contrary to the rules provided by law.”

. La., 347 So.2d 1121.