LOTTINGER, Judge.
This matter is before us on our grant of certiorari to review the trial court’s refusal to consider the application of plaintiff-relator to proceed in forma pauperis.
Plaintiff’s suit seeks recovery of damages allegedly resulting from a vehicular collision. He attached to his petition affidavits (his own and that of a third person) of his poverty and inability to pay court costs in advance, or as they accrue or to provide security therefor. Based solely on the fact that plaintiff-relator had not complied with Rule XVIII of the Twenty-Third Judicial District Court, the trial judge refused to consider the question of whether plaintiff was entitled to litigate in forma pauperis. We issued alternative writs of mandamus, certiorari and prohibition directing the trial court to consider and act upon relator’s application to proceed in forma pauperis based on Rule XVIII of the Twenty-Third Judicial District Court as same appeared in La.Ct. Rules Pamph. 1981, and citing Raymond v. Zeringue, 386 So.2d 1052 (La.App. 4th Cir. 1980) writ denied 391 So.2d 454 (La.1980).
The trial judge has taken the alternative and filed a brief pointing out that on De *530 cember 1, 1980, effective January 1, 1981, the judges of the Twenty-Third Judicial District Court amended Rule XVIII to read as follows:
“Before ordering the filing of a suit in forma pauperis, the Court shall satisfy itself of the litigants [sic] right to proceed in this manner. As an aid to the Court in making this determination, the plaintiff shall attach to his petition a notarized affidavit setting forth facts concerning applicants net worth, including by way of illustration but not by limitation, all property, movable and immovable owned by applicant and the value thereof, the applicant’s earnings for two years preceding the date of filing of the petition, the indebtedness of the applicant, the needs of the applicant and those dependent on him, etc. If the information contained in the notarized affidavit fails to convince the court of applicant's right to proceed in forma pauperis the court will deny the application or permit the applicant and his or her attorney an opportunity to appear before the court on a date and hour fixed by the Court to supplement the information contained in the notarized affidavit. An affidavit executed by the applicant or a third party simply certifying to applicant’s inability to pay if not supported by facts upon which to base the conclusion that applicant is unable to pay cost shall not be considered.”
We do not find the requirement that in applying to the trial court to proceed in forma pauperis that the plaintiff file an affidavit setting forth a list of his property and its value, his earnings for the preceding two years, the indebtedness, and his needs or those dependent upon him places an undue burden on the party seeking to proceed in forma pauperis nor does it go beyond the provisions of La.C.C.P. art. 5183. In Futch v. Coumes, 347 So.2d 1121 (La.1977) the Supreme Court, in discussing Article 5183 said “the court may inquire into the facts at the time the motion is presented to him, either of the applicant’s attorney or (presumably) through a questionaire required of the litigant; and, if then not satisfied, the court may deny the privilege sought by the applicant.”
Therefore, for the above and foregoing reasons, the writ issued by this court on May 20, 1981 is recalled and vacated at relator’s costs.
WRIT RECALLED.