LABORDE, Judge.
From a judgment denying her the right to litigate her suit in forma pauperis, plaintiff suspensively appeals. We affirm.
Seeking a declaratory judgment, a permanent injunction and damages, Elaine Nation filed suit against the Housing Authority of the City of Crowley, and against Jay Miller, both individually and as director of the Housing Authority. The suit was filed on August 20, 1981, and on that date an order was signed by the Clerk of Court authorizing plaintiff to litigate the action without payment of costs of court in advance or as they accrued. On the same date, the Clerk of Court filed a rule to traverse plaintiff’s right to proceed in for-ma pauperis. Following a hearing on the rule, the trial court concluded that plaintiff was not entitled to proceed in forma pau-peris. Accordingly, the order permitting the suit to be prosecuted in that manner was set aside and plaintiff was ordered to pay the costs of the suit within sixty (60) days or suffer its dismissal. From this judgment, plaintiff suspensively appeals.
On appeal, plaintiff questions (1) whether a clerk of court has a right of action to traverse an order permitting plaintiff to proceed in forma pauperis and (2) whether the lower court abused its discretion in concluding that plaintiff was not entitled to proceed in forma pauperis.
Plaintiff is correct in her contention that a clerk of court is without right to traverse her right to proceed in forma pau-peris. Code of Civil Procedure Article 5184 permits an “adverse” party to traverse the truth of an applicant’s claim of poverty. In Futch v. Coumes, 347 So.2d 1121 (La.1977), the Supreme Court, in footnote 6, implied that a clerk of court is not an adverse party by stating:
“6. Neither the respondent clerk nor the opposing party has made any appearance in this court to oppose the applicant’s proceeding in forma pauperis. From this we infer that the respected clerk of court recognizes that his public office, constitutionally created to serve litigants, is not properly concerned with contesting the privilege of a litigant entitled to proceed in forma pauperis, insofar as the grant or denial of the right means less or more revenues for his office.”
Even though a clerk is not an adverse party and thus is without right to bring a rule to traverse, after the rule was filed, it was tried by counsel for defendants who are adverse parties and as such could have formally joined in the rule or filed their own rule. Plaintiff did not question the procedure until the case had progressed to the appeal level at which time it was too late for defendants to file their own rule. However, in view of the fact that a rule was filed, that the contradictory hearing was conducted by the proper parties, and especially because the trial court has the given authority and duty to subject in for-ma pauperis orders to continuing scrutiny to prevent abuse, we decline the invitation from plaintiff to dismiss the rule to traverse and to reinstate the initial order al *111 lowing plaintiff to proceed in forma pauper-is because the rule was filed by the clerk of court.
The next issue, and the more important one, is whether the lower court abused its discretion in concluding that plaintiff was not entitled to proceed in forma pauperis.
At the hearing on the rule to traverse, it was established that plaintiff is divorced from her husband and has custody of their six minor children. She earns a gross income of $1000 a month which results in a net income slightly in excess of $774 each month. Additionally, she receives child support from her former husband in the amount of $500 a month. Plaintiff’s net income totals $1,274 a month. According to her Affidavit of Financial Status, plaintiff’s expenses total $1,300. Little corroboration of the expenses was offered by plaintiff at the hearing and in fact, counsel for defendants through his cross examination of plaintiff raised some doubt regarding the amount of plaintiff’s monthly food bill as well as repayment of loans she received from her mother, both items of which comprise part of plaintiff’s listed expenses.
Additional facts which the court had before it in reaching its decision as to plaintiff’s right to proceed in forma pauperis were that plaintiff is not heavily in debt and that she owns unencumbered assets.
At the conclusion of the hearing, the trial judge, after comparing plaintiff’s monthly net income of $1,274 to her monthly expenses of $1,300, noted that we are in a period of inflation and that “almost every member of the society of which we are all members are under financial strain or stress through greater or lesser degree.” He then concluded, “However, I do not believe that the forma pauperis action is designed to cover situations such as this...”
Our law is settled that, in the absence of clear abuse, appellate courts do not disturb the trial court’s discretion in granting or denying the privilege to proceed in forma pauperis, based upon that court’s factual determination of the litigant’s ability or inability to pay the court costs. Houston v. Brown, 292 So.2d 911 (La.App. 2nd Cir. 1974); Bodcaw Co. v. Enterkin, 273 So.2d 325 (La.App. 3rd Cir. 1973).
Primarily to the trial court is entrusted the duty, on the one hand to permit a qualified indigent the privileges granted by the act so as not to deprive him of the opportunity of having his claim adjudicated simply because he is financially unable to meet the cost requirement of asserting his claim in court, but on the other to see that such privileges granted by¡ the act are not abused. See Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977) and cases cited therein.
Under these circumstances, we cannot say that the trial court abused its discretion or erred in finding that plaintiff was not entitled to proceed in forma pau-peris.
For the above reasons, we affirm the lower court judgment at plaintiff-appellant’s cost. The case is remanded to the district court for further proceedings in accordance with law.
AFFIRMED AND REMANDED.