GARRISON, Judge.
Plaintiff, David Dawson, filed suit against defendant Donald Eppley. Eppley then filed a third party demand against the relator, Allstate Insurance Company.' Allstate answered the third party demand and requested a trial by jury. In connection with that request, relator submitted a jury order form to the trial court which stated that relator would be allowed to make a cash deposit with the court to cover jury costs pursuant to LSA-C.C.P. art. 1734.1 in lieu of the jury bond required by LSA-C. C.P. art. 1734. The trial judge modified the jury order submitted by relator by requiring that relator furnish a jury bond of five thousand ($5,000.00) dollars within sixty days of that order. No trial date was set when the jury order was signed by the trial judge.
Relator then filed a rule to show cause why the jury order should not be modified to comply with the provisions of LSA-C. C.P. arts. 1734 and 1734.1. The trial judge denied the rule to show cause. Relator then filed a notice of intent to apply for supervisory writs in this court for review of the trial court judgment denying relator’s rule to show cause why the jury order should not be modified. The trial court allowed relator thirty (30) days to file its writ application and stayed all proceedings, including compliance with the requirements of the jury order, pending resolution in this court of relator’s writ application.
*1085 In its writ application, relator argues that the trial court erred in denying relator’s rule to show cause why the jury order should not be modified because the requirement imposed by the trial judge in the jury order was not in conformity with LSA-C.C.P. art. 1734. LSA-C.C.P. art. 1734 states:
“A. Except as otherwise provided by R.S. 13:3105 et seq., when the case has been set for trial, the court shall fix the amount of the bond to cover all costs related to the trial by jury and shall fix the time for filing the bond. Notice of the fixing of the bond shall be served on all parties. If the bond is not filed timely, any other party shall have an additional ten days to file the bond.
B. When the bond has been filed, the clerk of court shall order the jury commission to draw a sufficient number of jurors to try and determine the cause, such drawing to be made in accordance with R.S. 13:3044.”
Relator argues that the preceding article establishes that the party requesting a jury is not required to post a bond until the matter is set for trial. We disagree with relator’s interpretation of that article. Although LSA-C.C.P. art. 1734 requires that a trial judge order the filing of a jury bond once a case is set for trial, it does not prohibit the trial judge from ordering the filing of a jury bond before the case is set for trial. Therefore, Article 1734 does not conflict with Local Rule 15 of the 25th Judicial District Court which authorizes the trial judge to order the posting of a jury bond within sixty (60) days of the signing of the order granting the jury trial.
Relator also argues that the requirements of Local Rule 15 of the 25th Judicial District Court conflict with the requirements of LSA-C.C.P. art. 1734.1 and that the local rule should be declared invalid. Local Rule 15 of the 25th Judicial District Court states as follows:
“A. Request for jury trials shall be made in the manner provided by law, and within the time provided by LSA-C.C.P. art. 1733 and any amendments thereto.
Civil Juries shall be called and impaneled at any time ordered by the Court. The attorney requesting the trial by jury shall post a cost bond within sixty (60) days of the signing of the order granting the jury trial in an amount fixed by the Court. On the day the trial begins, the attorney shall deposit with the Clerk of Court, the sum of Seven Hundred Fifty and no/100 ($750.00) Dollars cash and on each trial date thereafter, he shall deposit the sum of Five Hundred and no/100 ($500.00) Dollars. Any unused portion of the jury cost deposited in cash shall be returned to the attorney responsible by the Clerk.”
LSA-C.C.P. art. 1734.1 states, in pertinent part:
“A. When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which time shall be within thirty (30) days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial, including juror fees and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed three hundred dollars per day for each day the court estimates the trial will last. Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury. However, no cash deposit shall be required of an applicant for a jury trial under the provisions of this Article if waived or an order is rendered, pursuant to Chapter 5 of Title I of Book IX of the Code of Civil Procedure, permitting the applicant to litigate without payment of costs in advance or furnishing security therefor.”
Relator argues that the Local Rule 15 and Article 1734.1 conflict because Article 1734.1 authorizes the trial judge to allow a cash deposit to be posted in lieu of a jury bond while Local Rule 15 requires that the party requesting a jury trial post both a bond and a cash deposit to cover jury costs. *1086 We do not find that these particular provisions conflict because we interpret this provision of Local Rule 15 to require that once the cash deposit is tendered by the party requesting a jury trial, the jury bond previously posted will be cancelled.
Relator also argues that Local Rule 15 and Article 1734.1 are in conflict because Article 1734.1 sets the maximum amount of the cash deposit at $300.00 per trial day while Local Rule 15 requires a cash deposit of $750.00 on the first day of trial and $500.00 for each day thereafter. Clearly, Local Rule 15 conflicts with Article 1734.1 on the issue of the amount of the cash deposit. LSA-C.C.P. art. 193 states, in pertinent part:
“A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.”
In Futch v. Coumes, 347 So.2d 1121 (La.1977), the Louisiana Supreme Court invalidated part of a local rule which conflicted with an article of the Louisiana Code of Civil Procedure. Similarly, we now declare invalid only that portion of Local Rule 15 of the 25th Judicial District Court designating the amounts of the cash deposit insofar as the amounts listed exceed the maximum amount stated in Article 1734.1.
For these reasons, relator’s writ application is denied in part and granted in part.
WRIT DENIED IN PART; GRANTED IN PART.