LeBLANC, Judge.
This appeal is from a judgment dismissing plaintiff’s petition for a writ of mandamus, wherein plaintiff sought to require the clerk of court of Livingston Parish to issue a certified copy of the judgment of divorce previously rendered in her favor. From the trial court’s dismissal of plaintiffs petition, she appeals. We reverse.
FACTS
Darlene Priester Carline, plaintiff, and James Carline, defendant, were married in 1985. They physically separated in June, 1990. In March, 1992, Darlene petitioned for a divorce from defendant based on living separate and apart in excess of six months. By order of the court, Darlene was permitted to file and prosecute her action for divorce in forma pauperis. The record indicates Darlene’s pauper status has not been rescinded.
A judgment of divorce was granted to petitioner, Darlene Priester Carline, and defendant, James Carline, in open court on June 1, 1992, and judgment was signed on July 27, *836 1992. The parties were awarded joint custody of their child, with Darlene designated the domiciliary parent. James was ordered to pay monthly child support.
Darlene filed a petition for a writ of mandamus directed to Lucius Patterson, Clerk of Court, Livingston Parish, after she allegedly was refused a certified copy of the judgment of divorce by Patterson, pending payment of outstanding court costs. A hearing was scheduled but, although subpoenaed, Patterson did not attend.
The record indicates that after the hearing, the trial court dismissed plaintiffs petition for a writ of mandamus. Plaintiff appeals.
IsLAW AND DISCUSSION
The privilege of litigating a claim in forma pauperis is set out in La.C.C.P. art. 5181 A, which provides, in pertinent part:
A. [A]n individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.
La.C.C.P. art. 5185 sets out the rights of a party permitted to litigate without payment of costs, providing, in part:
A. When an order of court permits a party to litigate without the payment of costs until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal....
Pursuant to art. 5185, plaintiff argues she is entitled to a certified copy of the judgment in the divorce proceeding. We agree. The privilege of litigating without the paying of costs is not unfettered. See, Joli-vette v. Jolivette, 386 So.2d 707, 708 (La.App. 3rd Cir.1980). However, it surely includes for the pauper the certification of a copy of a portion of the public record in the judicial proceeding.
In the proceedings in the instant case, a judgment of divorce had been rendered. By agreement, Darlene and the defendant were granted joint custody of their child; however, Darlene was designated the domiciliary parent and awarded child support. Once judgment is rendered in a proceeding in which a party has been permitted to litigate without the payment of costs, La.C.C.P. art. 5186 provides, in part:
If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney.
I ¿¡However, if a compromise settlement between the parties is reached, La.C.C.P. art. 5187 provides, in part:
No compromise shall be effected unless all costs due these officers have been paid. Should any compromise agreement be entered into in violation of this article, each party thereto is liable to these officers for all costs due them at the time.
The clear language of this article negates a compromise until all costs are paid.
The provisions and approach utilized in the new divorce procedures do not specifically provide for one party to “win” and therefore have judgment in his favor, thereby condemning all costs to be paid by his opponent. However, we do not believe these new procedures should undermine the rights available to a litigant with pauper status.
The purpose of the new divorce procedure, as stated in the title of Act Number 1009 of Acts 1990, was “to provide a new and simplified cause of action for divorce”. In addition, the simplified procedure provides encouragement for parties to a divorce proceeding to negotiate, mediate, and resolve issues incident to the pending litigation. Any willingness toward agreement should *837 not be thwarted by the threat of the loss of pauper status imposed by article 5187.
Moreover, in the instant case the court ordered conditions included in the divorce judgment fall short of the mutually consented to agreement designated in article 5187. In light of the facts of this case, and the new streamlined divorce procedures now available in Louisiana, La.C.C.P. art. 5187 is not controlling.
CONCLUSION
It was improper to require Darlene to pay the court costs before providing her with a single certified copy of the judgment contained in the public record of the instant proceedings. The dismissal of the petition for a writ of mandamus directing the clerk of court to issue to plaintiff, Darlene Priester Carline, a | scertified copy of the judgment is reversed, and the writ is hereby issued.
All costs of this appeal in the amount of $273.50 to be paid by respondent, Lucius Patterson, Clerk of Court, Livingston Parish.
REVERSED AND RENDERED.