Dear Mr. DeRouen:
You have requested an opinion from our office on whether the Clerk of Court for Iberia Parish ("Clerk") must process and file a judgment before court costs are paid. Specifically your question is formed in the context where a plaintiff filed and received a petition for divorce as a pauper. Subsequently a judgment was entered in favor of the plaintiff during her valid status as a pauper, charging the defendant with costs.
In support of the Clerk's desire to withhold the judgment until payment is received, you have noted LA. R.S. 13:842 and Louisiana Attorney General Opinion No. 77-1574. While LA. R.S. 13:842 does give the Clerk some power to "refuse to perform" certain functions, this power is clearly stipulated on the condition that the original advance deposit has been exhausted. Since the plaintiff's costs are waived due to pauper status, no original advance deposit was required nor could be exhausted. LA. R.S. 13:842 is evidently targeted towards parties who have the ability to pay and have not, and is inapplicable to the plaintiff's situation. Louisiana Attorney General Opinion No. 77-1574 is also inapplicable because it recognizes the Clerk's power to withhold functions for plaintiffs and interveners who are able to pay but have not.
LA. C.C.P. 5181 grants a right to this plaintiff to have her claim adjudicated and properly executed without having to pay court costs. The Louisiana Supreme Court has protected the rights of paupers to have their claims adjudicated, and withholding the processing of their judgments would interfere with this right. In Benjamin v. National Supermarkets,
the Supreme Court states, "[t]he purpose of these (in forma pauperis)
articles is to enable indigent persons to assert their causes in the courts of this state. This statutory privilege is to be interpreted liberally in favor of giving indigent persons their day in court."Benjamin v. National Supermarkets, 351 So.2d 138, at 140, 141
(La. Oct. 10, 1977). In furthering this theory, the court elaborates, "the grant of the privilege to litigate in forma pauperis is founded upon the view that in effect, the governmental bodies are merely furnishing without prepayment of cost its resources to the financially embarrassed litigant, in order to prevent his losing his day in court merely because of the financial expense to the government of entertaining his claim."Id at 141. Not allowing a properly qualified pauper plaintiff access to the courts, throughout the complete process, would be an infringement of this protected right to assert his / her claim.
This point was further emphasized in Carline v. Carline, 644 So.2d 835, (La.App. 1 Cir. 1994). Here the Clerk of Court for Livingston Parish withheld a certified copy of the judgment of divorce because the properly certified pauper plaintiff could not pay court costs. Id. The court agreed with the plaintiff's argument that she was entitled to a certified copy of the judgment in her divorce proceedings. Id. The court recognized the rights of poor litigants to assert their causes of action by stating, "The privilege of litigating without the paying of costs . . . surely includes for the pauper the certification of a copy of a portion of the public record in the judicial proceeding." Id at 836. The court went further to Criticize the conduct of the clerk of court by stating that, "It was improper to require [a pauper plaintiff] to pay the court costs before providing her with a single certified copy of the judgment contained in the public record of the instant proceedings." Id at 837. It is the opinion of this office that it would be equally improper for the Clerk of Court for Iberia Parish to hold a signed judgment of a pauper plaintiff.
Even in the case where a local rule delegated to the clerk of court the power to interrogate pauper plaintiffs on their ability to pay or not to pay, the courts have continued to protect the rights of pauper plaintiffs to receive their judgments. In this case of B. Futch v. B. Coumes,347 So.2d 1121, (La. July 1, 1977), the court decided that the, "[local rule] . . . is invalid because it is in conflict with the procedures provided by statute to permit persons with lack of sufficient means to proceed in forma pauperis." Id at 1124.
It is therefore the conclusion of this office that the right of properly certified pauper plaintiffs to have their judgments processed, after such judgments are appropriately signed, clearly outweighs and holds invalid any attempt by the Clerk of Court of Iberia Parish to infringe on this right in return for payment of court costs. It would be acceptable, after the judgment is completely processed, to proceed to collect court costs from the defendant since these fees were in fact cast against him and not the plaintiff. We trust that this answers your inquiry. Please contact our office if you have any further questions or concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB;mjb